JAMES SKOGMAN, d/b/a STEAK HOUSE, et al., appellants, v. IOWA LIQUOR CONTROL COMMISSION, appellee.

No. 52594.

(Reported in 152 N.W.2d 155)

JULY 11, 1967.

Johansen, Mahr & De Raad, of Sioux City, for appellants.

Richard C. Turner, Attorney General, and William A. Claerhout, Assistant Attorney General, for appellee.

STUART, J.—This is a declaratory judgment action in which the parties seek an interpretation of the local option provision of the Iowa Liquor Control Act.

In 1963 the legislature legalized "liquor-by-the-drink". Chapter 114, Laws of Sixtieth General Assembly. Included in the Act was a provision which permitted counties, under proper petition and election, to prohibit such sale of liquor within its boundaries. Section 10(7)(e), now section 123.27(7)(e), 1966 Code of Iowa.

On September 23, 1963, the statutory question: "Shall the retail sale of alcoholic beverages (exceeding four percent by volume) by the drink be prohibited in Sioux County?" was submitted to the voters of Sioux County. A majority of those voting voted "yes". The petition and election procedures are not challenged.

Said section further provided: "If a majority of the ballots cast are 'YES', the board shall not issue any new licenses. However, if at the time of such election there are liquor control licenses in effect in the county, they shall not be revoked except for cause for a period of three (3) years. No new election shall be held for a period of four (4) years."

At and prior to the election, plaintiffs were owners and operators of legitimate businesses located in Sioux County and held valid liquor control licenses. They continued to operate under the above provision until September 23, 1966. On that date they ceased selling liquor-by-the-drink "for the reason that plaintiffs were advised by agents of defendant that if liquor-by-

the-drink was dispensed by plaintiffs after September 23, 1966, that the plaintiffs would be in violation of the law."

The liquor licenses were issued to plaintiffs for one year in July 1966 and have been retained in their possession. No affirmative action has been taken by the Iowa Liquor Control Commission or by the local licensing authorities in regard to these licenses.

On October 13, 1966, plaintiffs filed their petition for declaratory judgment seeking a construction of the above quoted language and claiming they still possessed valid liquor licenses entitling them to operate their business establishments without fear of criminal prosecution.

The Iowa Liquor Control Commission as a counterclaim asked that a decree be issued declaring the licenses were revoked by operation of law.

Trial was had on a stipulation containing essentially the facts set out above. The trial court held defendant, under this statute, has "the inherent discretionary power to revoke" a liquor license and that it exercised that power by notifying plaintiffs further sale of liquor by the drink would be unlawful.

Plaintiffs appeal claiming the court erred in concluding the state liquor commission has inherent discretionary power to revoke the permits and in any event there is not sufficient evidence to sustain a finding that the licenses were revoked.

I. Under the brief stipulation of fact, the only affirmative act taken by the state liquor control commission was to have its agent advise plaintiffs they would be in violation of the law if they continued to dispense liquor by the drink after September 23, 1966. The local authorities did nothing about the licenses. They were left in the possession of each plaintiff and were not to expire until July 1967. Assuming, as was decided by the trial court, that the Iowa Liquor Control Commission has an inherent discretionary power to revoke liquor licenses under these circumstances, we conclude that what was done here was not sufficient to constitute a discretionary revocation.

II. This, however, does not mean plaintiffs can now legally dispense liquor by the drink in Sioux County. Plaintiffs will not have the full relief they seek unless we interpret the statute

as prayed for in their petition. They claim, under section 123.27 (7)(e), the local issuing authority has discretion in deciding whether the licenses in effect when the county voted dry should be revoked or renewed after the expiration of three-year grace period. We cannot so interpret the statute.

The question submitted to the voters was: "Shall the retail sale of alcoholic beverages (exceeding four percent by volume) by the drink be prohibited in Sioux County?" It would appear a yes vote on this proposition would immediately stop the sale of liquor by the drink. However, existing licensees were given a three-year grace period. This is a reasonable exception. It guaranteed to any licensee a three-year operating period. Persons would be reluctant to incur costs to open a business which could be closed anytime by a vote of the people.

We find no statutory provision vesting authority in either the state liquor commission or the local issuing body to extend to existing licensees the privilege of selling liquor by the drink beyond the statutory grace period. We doubt that a statute making such classification would be constitutional under the equal protection clauses of the Federal and State Constitutions.

Three years after the election in which the residents of Sioux County voted to prohibit the sale of liquor by the drink, the privilege of all licensees to dispense liquor under their existing licenses terminated. This privilege was not affected by any action or inaction on the part of the state liquor commission or local authorities. It was prohibited by a vote of the people. Neither the state commission nor the local issuing body could do a thing about it. As defendant said: "We find no authority in Chapter 123, Code of Iowa, permitting the commission (or local authority) to usurp the will of the people as determined by the local option election." Under present law, the only way in which the sale of liquor by the drink can become legal in Sioux County is by another vote of the people, when permissible, reversing their position.

While our interpretation of the statute differs from that of

the trial court, the result is the same. We therefore affirm.—
Affirmed.

All JUSTICES concur.